IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



UNITED STATES OF AMERICA

v.  Criminal No. 3:11CR212

VANCE HAMM

## MEMORANDUM OPINION

Vance Hamm, a federal inmate proceeding pro se, submitted this motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence ("§ 2255 Motion," ECF No. 116). In his § 2255 Motion, Hamm raises the following claims for relief:

Claim One: "Mr. Hamm's prior convictions do not qualify as predicates for career offender enhancement and he should be remanded." (Id. at 4.)[1]

Claim Two: "Court should not enforce an appellate waiver against Mr. Hamm and should follow the bar concluding it is a bad contract." (Id. at 5.)

The Government has responded that Hamm's claims lack merit. (ECF No. 125.) Hamm has filed a Reply. (ECF No. 129.) For the reasons set forth below, Hamm's § 2255 Motion will be denied.

### I. PROCEDURAL HISTORY

On December 13, 2011, a grand jury charged Hamm with one count of conspiracy to commit robbery affecting commerce, in

---

[1] The Court utilizes the pagination assigned to Hamm's submissions by the CM/ECF docketing system. The Court corrects the capitalization and omits the emphasis in quotations from Hamm's submissions.

violation of 18 U.S.C. § 1951(a). (Superseding Indictment 1-5, ECF No. 28.) On January 18, 2012, a grand jury returned a Second Superseding Indictment, again charging Hamm with one count of conspiracy to commit robbery affecting commerce, in violation of 18 U.S.C. § 1951(a). (Second Superseding Indictment 1-5, ECF No. 39.) On March 12, 2012, Hamm entered into a Plea Agreement and pled guilty to Count One of the Second Superseding Indictment. (Plea Agreement ¶ 1, ECF No. 56.)

Prior to sentencing, a Probation Officer determined that Hamm qualified for the career offender enhancement, stating:

> The defendant qualifies for a sentence enhancement under the Career Offender section, as defined in Chapter 4, Part B, of the Sentencing Guidelines. The defendant was at least 18 years old at the time he committed the instant offense; the instant offense of conviction is a felony that is a crime of violence; and, the defendant has at least two prior felony convictions for a crime of violence.

(Pre-Sentence Investigation Report ("PSR") ¶ 59, ECF No. 65.) Specifically, Hamm was previously convicted of the following crimes of violence in North Carolina: (1) conspiracy to commit common law robbery (id. ¶ 25); (2) common law robbery (id. ¶ 26); and, (3) conspiracy to commit the felony of discharging a firearm into an occupied dwelling (id. ¶ 28).

On July 3, 2012, the Court entered judgment against Hamm and sentenced him to 188 months of imprisonment. (J. 2, ECF No. 89.) On motion by the Government, the Court also dismissed

2

the Superseding Indictment against Hamm. (Id. at 1.) Hamm did not appeal.

## II. CAREER OFFENDER ENHANCEMENT

In Claim One, Hamm asserts that his "prior convictions do not qualify as predicates for career offender enhancement and he should be remanded." (§ 2255 Mot. 4.) Specifically, Hamm contends that the Supreme Court's recent decision in Johnson v. United States, 135 S. Ct. 2551 (2015), renders his career offender enhancement unconstitutional. (Br. Supp. § 2255 Mot. 2, ECF No. 118.)

### A. Johnson And The Armed Career Criminal Act ("ACCA")

As the Supreme Court has noted,

> [u]nder the [ACCA] of 1984, a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a "violent felony," a term defined to include any felony that "involves conduct that presents a serious potential risk of physical injury to another."

Johnson, 135 S. Ct. at 2555 (quoting 18 U.S.C. § 924(e)(2)(B)). This part of the definition of violent felony "ha[s] come to be known as the Act's residual clause." Id. The Johnson Court held "that imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." Id. at 2563.

3

## B. Sentencing Guidelines Regarding Career Offenders

Hamm was not sentenced pursuant to the ACCA. Instead, Hamm was sentenced as a career offender under the United States Sentencing Guidelines. (PSR ¶ 59.) Under the Sentencing Guidelines,

> [a] defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

United States Sentencing Guidelines Manual § 4B1.1(a) (U.S. Sentencing Comm'n 2012) ("USSG"). At the time of Hamm's sentencing, the Guidelines defined a "crime of violence" as:

> any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that - -
> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

Id. § 4B1.2(a).[2]

---

[2] Effective August 1, 2016, the Sentencing Commission amended the definition of "crime of violence" to eliminate the phrase "or otherwise involves conduct that presents a serious potential risk of physical injury to another," otherwise known as § 4B1.2's residual clause. See Hayes v. United States, Nos. 4:13CR70, 4:16CV54, 2017 WL 976624, at *3 n.2 (E.D. Va. Mar. 13, 2017) (citing USSG Supp. to App. C, amend. 798 (Aug. 1, 2016)). To the extent that Hamm seeks relief under Amendment 798, a request for relief pursuant to Amendments to the Sentencing Guidelines is not cognizable under § 2255. See United States v.

4

C.  **Johnson** Does Not Apply To Hamm's Sentence

Hamm contends that under Johnson, his previous convictions for conspiracy to commit common law robbery, common law robbery, and conspiracy to commit the felony of discharging a firearm into an occupied dwelling no longer qualify as predicate offenses for purposes of § 4B1.2(a). Recently, however, the Supreme Court determined that its decision in Johnson does not extend to the Sentencing Guidelines. See Beckles v. United States, 137 S. Ct 886, 890 (2017). The Beckles Court stated:

> Unlike the ACCA, however, the advisory Guidelines do not fix the permissible range of sentences. To the contrary, they merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range. Accordingly, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. The residual clause in § 4B1.2(a)(2) therefore is not void for vagueness.

Id. at 892. Accordingly, Hamm cannot rely upon the Johnson decision to challenge the use of these prior convictions as predicate offenses for purposes of the career offender enhancement.

---

Jones, 143 F. App'x 526, 527 (4th Cir. 2005) (holding that the district court erred in construing the petitioners' motions under 18 U.S.C. § 3582(c)(2) for reductions in sentence based on retroactive application of Amendment 591 as § 2255 motions); United States v. Mines, No. 3:09CR106-HEH, 2015 WL 1349648, at *1 (E.D. Va. Mar. 24, 2015) (citations omitted). In any event, Amendment 798 is not retroactively applicable. United States v. Johnson, 665 F. App'x 788, 793 (11th Cir. 2016); Hayes, 2017 WL 976624, at *3 n.2.

5

D. **Hamm's Guidelines Challenges Under <u>Gardner</u> And <u>Parral-Dominguez</u>**

In his Reply, Hamm contends that in <u>United States v. Gardner</u>, 823 F.3d 793 (4th Cir. 2016), and <u>United States v. Parral-Dominguez</u>, 794 F.3d 440 (4th Cir. 2015), "the Fourth Circuit found that the common law robbery, & conspiracy to commit felony of discharging a firearm into a[n] occupied dwelling no longer qualify as crimes of violence" for purposes of § 4B1.2(a). (Reply 6, ECF No. 129.) He argues that in light of these decisions, he no longer qualifies for the career offender enhancement. (<u>Id.</u> at 6-7.) Hamm provides no explanation as to why he believes these cases invalidate his career offender status under the Guidelines. Nevertheless, as discussed below, to the extent these cases have any application to Hamm's sentence, Hamm cannot pursue these challenges on collateral review.

1. **<u>United States v. Gardner</u>**

In <u>Gardner</u>, the United States Court of Appeals for the Fourth Circuit held that "North Carolina common law robbery does not qualify categorically as a 'violent felony' under the [force clause of the] ACCA." 823 F.3d at 804.[3] Although Hamm was not

---

[3] Under the force clause of the ACCA, a violent felony includes "any crime punishable by imprisonment for a term exceeding one year . . . [that] has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). The force clause contained in § 4B1.2(a)(1) of the Guidelines tracks the language of the force clause in the ACCA. The record is silent

6

sentenced pursuant to the ACCA, the Fourth Circuit's decision in
Gardner may arguably make prior convictions for conspiracy to
commit common law robbery and common law robbery no longer
qualify as crimes of violence under the force clause for
purposes of the career offender enhancement. See United States
v. Carthorne, 726 F.3d 503, 511 n.6 (4th Cir. 2013) ("We rely on
precedents addressing whether an offense is a crime of violence
under the Guidelines 'interchangeably with precedents evaluating
whether an offense constitutes a "violent felony"' under the
[ACCA], as the two terms are defined in a 'substantively
identical' manner." (quoting United States v. King, 673 F.3d
274, 279 n.3 (4th Cir. 2012))).

Even if, under Gardner, Hamm's prior common law robbery
convictions would no longer qualify as crimes of violence for
the career offender enhancement, Hamm lacks entitlement to
relief here. The Fourth Circuit has noted that "[t]he language
of § 2255 makes clear that not every alleged sentencing error
can be corrected on collateral review. The Supreme Court has
instructed that only those errors presenting a 'fundamental
defect which inherently results in a complete miscarriage of
justice' are cognizable." United States v. Foote, 784 F.3d 931,

---

as to whether Hamm's convictions for conspiracy to commit common
law robbery and common law robbery qualified as predicate
offenses under the force clause of the Guidelines. However, it
appears that Hamm is arguing that, based on Gardner, these prior
convictions can no longer count as predicate offenses under the
force clause for the career offender enhancement.

7

932 (4th Cir. 2015) (quoting Davis v. United States, 417 U.S. 333, 346 (1974)). A "career offender designation [is] not a fundamental defect that inherently results in a complete miscarriage of justice." Id. at 940; see United States v. Newbold, 791 F.3d 455, 459 (4th Cir. 2015) (citing Foote, 784 F.3d at 932-33) (noting that "a mistaken career offender designation is not cognizable on collateral review"). Instead, "it is clear that 'miscarriages of justice' in the post-conviction context are grounded in the notion of actual innocence . . . ." Foote, 784 F.3d at 941. To the extent that Hamm argues that he is actually innocent of the career offender enhancement, "the Supreme Court [and the Fourth Circuit have] yet to stretch the concept [of sentencing enhancement innocence] to non-capital sentencing . . . ." Id. Accordingly, Hamm cannot pursue his challenge to his career offender status under Gardner on collateral review.

2. **United States v. Parral-Dominguez**

In Parral-Dominguez, the Fourth Circuit held that the defendant's prior conviction, under North Carolina law, for discharging a firearm into a occupied building did not qualify as a crime of violence that could serve as a basis for imposing a 16-level sentencing enhancement under USSG § 2L1.2 following the defendant's conviction for illegal reentry after his removal from the United States. 794 F.3d at 444-46. Hamm fails to

explain why he believes Parral-Dominguez has any applicability to his sentence as a career offender.

Similar to § 4B1.2(a), at the time of Hamm's sentencing, § 2L1.2 defined a crime of violence as, inter alia, "any other offense under federal, state or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." USSG § 2L1.2 cmt. n.1(B)(iii) (2012). Hamm apparently believes that under Parral-Dominguez, his prior conviction for conspiracy to commit the felony of discharging a firearm into an occupied dwelling no longer qualifies as a predicate offense under the force clause of § 4B1.2(a). However, the Fourth Circuit has concluded that a conviction for this crime qualifies as a crime of violence under § 4B1.2(a) because it "result[s] in 'serious potential risk of physical injury to another.'" United States v. Mason, 392 F. App'x 171, 173 (4th Cir. 2010) (quoting USSG § 4B1.2(a)(2)). Thus, Parral-Dominguez provides no relief to Hamm, and even if it did, as noted supra, Hamm cannot maintain this challenge to his career offender status on collateral review. See Foote, 784 F.3d at 940.

Because the Johnson decision provides no relief to Hamm, and because Hamm cannot maintain his challenges to his career

offender status under <u>Gardner</u> and <u>Parral-Dominguez</u> on collateral review, Claim One will be dismissed.[4]

### III. APPELLATE WAIVER

In Claim Two, Hamm alleges that the Court "should not enforce an appellate waiver against [him] and should follow the bar concluding it is a bad contract." (§ 2255 Mot. 5.) He contends that "the National Bar Association and courts have found that [such] waivers are in violation of ethics rules and should not be enforced." (<u>Id.</u>) Hamm argues that

> [h]ere, counsel would have known, ahead of time, that the prosecutor intended to place a waiver into the plea agreement which would not only potentially limit the client's ability to correct errors on appeal, but such a situation creates a conflict of interest, whereby the attorney is allowing the insertion of text into the contract which works against the client, to that client's disadvantage, and protects the attorney against adverse actions, since most of the time these contracts are enforced against the defendants.
> Lawyers should not insert text which operates in this fashion against the client, particularly when that client may then file a habeas petition pursuant to Section 2255, and the attorney then files an affidavit in support of the government's request for dismissal based upon that waiver and plea agreement.

---

[4] On April 13, 2017, the Court received a supplemental memorandum from Hamm, in which he asserts that he no longer qualifies as a career offender under the Fourth Circuit's recent decision in <u>United States v. Winston</u>, 850 F.3d 677 (4th Cir. 2017). In <u>Winston</u>, the Fourth Circuit concluded that Virginia common law robbery no longer "constitute[s] a violent felony under the ACCA." 850 F.3d at 679. Hamm fails to explain how <u>Winston</u> applies to his matter, as he was previously convicted of common law robbery in North Carolina, not Virginia. Nevertheless, even if <u>Winston</u> applies to Hamm's previous convictions, he lacks entitlement to relief for the reasons already stated by the Court. See <u>Foote</u>, 784 F.3d at 940.

10

> Such an attorney is then acting in his own interests and the interests of the government in ensuring that the client does not succeed.

(Br. Supp. § 2255 Mot. 15-16.) The Court construes Claim Two to assert that counsel was ineffective for advising Hamm to sign the Plea Agreement that contained the appellate waiver because Hamm believes the waiver foreclosed his ability to raise claims of ineffective assistance of counsel and prosecutorial misconduct. (See id. at 16-21.)

To demonstrate ineffective assistance of counsel, a convicted defendant must show first, that counsel's representation was deficient and second, that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of Strickland, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" Burch v. Corcoran, 273 F.3d 577, 588 (4th Cir. 2001) (quoting Strickland, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not

necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. Id. at 697.

By signing the Plea Agreement, Hamm "knowingly waive[d] the right to appeal the conviction and any sentence within the statutory maximum described above (or the manner in which that sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatsoever . . . ." (Plea Agreement ¶ 6.) This waiver in no way foreclosed Hamm's ability to raise claims of ineffective assistance of counsel and prosecutorial misconduct. Moreover, Hamm's appellate waiver has never been enforced against him in any way. Because Hamm fails to demonstrate deficiency of counsel or resulting prejudice, Claim Two will be dismissed.

## IV. CONCLUSION

For the foregoing reasons, Hamm's § 2255 Motion (ECF No. 116) will be denied. The action will be dismissed. A certificate of appealability will be denied.

The Clerk is directed to send a copy of the Memorandum Opinion to Hamm and counsel for the Government.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: April 27, 2017